## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

VALEO SISTEMAS ELECTRICOS S.A. DE C.V., :
                                        :
            Plaintiff,                  :
                                        :
      v.                                :      Civ. No. 06-627-GMS-LPS
                                        :
CIF LICENSING, LLC, D/B/A GE LICENSING, :
                                        :
            Defendant,                  :
                                        :
      v.                                :
                                        :
STMICROELECTRONICS, INC.,               :
                                        :
            Cross-Claim Defendant.      :

---

Jack B. Blumenfeld, Karen Jacobs Louden, MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
Wilmington, Delaware; Arthur I. Neustadt, Jean-Paul Lavalleye, Aarti Shah, Richard T.
Matthews, OBLON, SPIVAK. MCCLELLAND, MAIER & NEUSTADT, P.C., Alexandria, VA,
Attorneys for Plaintiff Valeo Sistemas Electricos S.A. de C.V.


John W. Shaw, Adam W. Poff, Monté T. Squire, YOUNG CONAWAY STARGATT &
TAYLOR, LLP, Wilmington, Delaware, Attorneys for Cross-Claim Defendant
STMicroelectronics, Inc.


## MEMORANDUM OPINION


July 11, 2008
Wilmington, Delaware

**STARK, U.S. Magistrate Judge**

## INTRODUCTION

This is a declaratory judgment action for indemnification relating to a patent infringement suit in the Eastern District of Texas (the "Texas Action"). Plaintiff, Valeo Sistemas Electricos S.A. de C.V. ("Valeo CV"), seeks a declaratory judgment that Cross-Claim Defendant, STMicroelectronics, Inc. ("STM" or "Defendant"), must indemnify Valeo CV for its costs incurred in defending against patent infringement allegations by CIF Licensing, LLC, d/b/a GE Licensing ("GE") in the Texas Action. Presently before the Court is STM's Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted ("Motion"). (D.I. 18) For the reasons set forth below, STM's Motion will be DENIED.

## BACKGROUND[1]

Plaintiff, Valeo CV, is a Mexican corporation with its principal place of business in San Luis Potosi, Mexico. (D.I. 12 ¶ 2) Valeo CV sells automotive motor vehicle parts, including alternators containing voltage regulator units. (D.I. 12 ¶ 5) Related entity Valeo, Inc. ("Valeo, Inc.") is a New York corporation with a principal place of business in Auburn Hills, Michigan. (D.I. 12 ¶ 4)

Defendant, STM, is a Delaware corporation with a place of business at Carrollton, Texas. (D.I. 12 ¶ 10) According to the Plaintiff's complaints, STM sold voltage regulators to Valeo CV. (D.I. 12 ¶ 11)

---

[1]As the Court is reviewing a motion to dismiss, the Court takes the allegations in the original complaint (D.I. 1) and the amended complaint (D.I. 12) as true.

1

GE is a Delaware limited liability company with a principal place of business in

Princeton, New Jersey. (D.I. 12 ¶ 3)  GE is the asserted owner of all right, title, and interest in

U.S. Patent No. 4,733,159, entitled "Charge Pump Voltage Regulator" (the "'159 Patent").  (D.I.

12 ¶ 3; D.I. 19 Ex. D ¶ 1)

On August 30, 2006, GE filed suit in the United States District Court for the Eastern

District of Texas, Marshall Division, Case No. 2:06cv345DF, asserting claims against various

defendants for patent infringement based on the '159 Patent, which "concerns a voltage regulator

system for automobile alternators." (D.I. 19 Ex. C ¶ 1 & Ex. D ¶ 1)  One of the defendants GE

sued was Valeo, Inc. (D.I. 19 Ex. C ¶ 4 & Ex. D ¶ 4)

In its complaint in the Texas Action, GE alleged that Valeo, Inc. infringed the '159 Patent

in the following manner:

23.    Defendant Valeo operates as a manufacturer of automotive motor vehicle parts,
       including alternators containing voltage regulator units.  Valeo sells such parts to
       entities engaged in the automobile industry, consisting of various divisions of
       vehicle manufacturers in North America and Europe.

24.    On information and belief, the above-mentioned activities by Defendant Valeo
       have amounted to infringement, directly, by inducement, and/or by contributing to
       the infringement, of the Patent.

(D.I. 19 Ex. C)

On October 10, 2006, Valeo CV filed its complaint in Delaware against STM and GE.  In

its original complaint, Valeo CV characterized the Texas Action as follows:

4.    GE has asserted that certain *alternators* infringe the '159 patent and has filed an
      infringement action against Valeo, Inc. . . .  Valeo, Inc. has not made, used,
      offered to sell, sold or imported *the product accused of infringement in the Texas
      suit*.

2

5.    Valeo CV *makes and sells the product accused of infringement* in the Texas suit. Accordingly, there is a justiciable controversy between GE and Valeo CV.

. . .

11.    STM provided Valeo CV with *the voltage regulator for the product accused of infringement* in the Texas suit and *this voltage regulator was the basis for GE's assertion of infringement*.

(D.I. 1) (emphasis added)

On December 13, 2006, Valeo CV filed an amended complaint, in which it modified its

characterization of the Texas Action to the following:

4.    GE has asserted that certain *voltage regulators used in certain alternators* infringe the '159 patent and has filed an infringement action against Valeo, Inc. . . . Valeo, Inc. has not made, used, offered to sell, sold or imported *the voltage regulators accused of infringement* in the Texas suit.

5.    Valeo CV *sells certain alternators which include the voltage regulators accused of infringement* in the Texas suit. Accordingly, there is a justiciable controversy between GE and Valeo CV.

. . .

11.    STM sold to Valeo CV *the voltage regulators accused of infringement* in the Texas suit.

(D.I. 12) (emphasis added)

In its action here in Delaware, Valeo CV (hereinafter referred to simply as "Valeo")

sought a declaratory judgment against GE that Valeo did not infringe the '159 Patent.

Subsequently, Valeo and GE resolved their disputes, settling their portion of the Texas Action

and dismissing Valeo's claim against GE in Delaware. (D.I. 29)

With respect to STM, Valeo seeks an order requiring STM to defend Valeo against any

charge of infringement in the Texas Action and a declaration that STM is liable for any judgment

3

against Valeo in the Texas Action. (D.I. 12 at p. 3) This indemnification obligation allegedly

arises out of the sale by STM to Valeo of voltage regulators, which Valeo then used as

components in alternators Valeo subsequently sold. (D.I. 12 ¶¶ 5, 11)

In connection with the Valeo-STM transaction, both parties sought to impose terms and

conditions, including regarding indemnification. Paragraph 4 of Valeo's General Terms and

Conditions of Purchase ("General Terms") provides:

> The Supplier [STM] shall indemnify, defend and hold harmless Valeo from and
> against any and all claims, losses damages and expenses . . . asserted by a third
> party regarding the Supply based on the third party's industrial or intellectual
> property rights.

(D.I. 19 Ex. A ¶ 4) STM's Terms and Conditions of Sale include paragraph 13(b), providing:

> With respect to products manufactured solely to Seller's [STM's] designs and
> specifications and which are not modified by Buyer [Valeo] or used other than in
> the manner for which they are designed, Seller [STM] will defend any suit
> brought against Buyer [Valeo] insofar as it is based upon a claim that any such
> product furnished to Buyer [Valeo] hereunder, by itself and not in combination
> with other items not manufactured solely to Seller's [STM's] designs and
> specifications, constitutes infringement of any duly issued United States or foreign
> patent . . . .

(D.I. 19 Ex. B ¶ 13(b))

Valeo's action here in the District of Delaware was originally assigned to the judicial

vacancy. (D.I. 15) On February 4, 2008, it was reassigned to Chief Judge Sleet. On March 20,

2008, it was referred to me and on June 17, 2008 the parties consented to my jurisdiction to

resolve STM's pending Motion, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. 73. The

Court held oral argument on the Motion on June 24, 2008.

4

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss requires a court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted). Thus, a court may grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Bell Atlantic*, 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321-22 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion*

5

*Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## DISCUSSION

STM argues that the Court should dismiss Valeo's complaint because, even taking Valeo's allegations as true, there is no basis upon which the Court could order STM to indemnify Valeo with respect to the Texas Action. STM asserts that it only agreed to provide indemnification for patent infringement actions against Valeo that resulted *solely* from the *voltage regulators* STM supplied to Valeo. According to STM, the Texas Action involved a claim that Valeo's *alternators* infringed GE's patent, but no claim that STM's *voltage regulators* infringed. Therefore, STM argues it has no obligation to indemnify Valeo.

Valeo counters that the Texas Action is all about *voltage regulators* and not *alternators*. This is because the only patent at issue in the Texas Action, the '159 patent, is a *voltage regulator patent*, and all of the patent claims alleged to be infringed are, necessarily, *voltage regulator claims*. Because STM supplied Valeo with the allegedly infringing voltage regulators for Valeo's alternator, it follows that STM must indemnify Valeo for the Texas Action.

Resolution of STM's Motion turns on contract interpretation. The parties agree that potentially four different contractual provisions could govern: (i) Valeo's General Terms; (ii) STM's Terms and Conditions of Sale; (iii) the default contractual provisions of the Uniform Commercial Code; and/or (iv) the default contractual provisions of the Convention for the

6

International Sale of Goods. STM insists "at this stage of the proceedings, it is impossible to tell" which of these four contractual provisions applies to the Valeo-STM transaction, and Valeo has not disagreed. (D.I. 19 at 5; *see also* D.I. 41 at 3) Therefore, as STM acknowledges (D.I. 41 at 3-4, 32), the Court may only grant STM's Motion if STM can show that Valeo has failed to state a claim under all four of the potentially applicable contractual regimes. This STM has failed to do.

The Court limits its analysis to Valeo's General Terms, which are to be interpreted according to Michigan law. (D.I. 19 Ex. A) Under Michigan law, a contractual indemnity provision is ambiguous if it is reasonably subject to more than one interpretation. *See Lambers v. Wheels, Inc.*, 1996 WL 33347950, at *1 (Mich. App. Dec. 6, 1996). As noted above, Valeo's language relating to indemnification is as follows:

> The Supplier [STM] shall indemnify, defend and hold harmless Valeo from and against any and all claims, losses damages and expenses . . . asserted by a third party regarding the Supply based on the third party's industrial or intellectual property rights.

(D.I. 19 Ex. A ¶ 4)

STM contends that this language unambiguously limits its indemnification obligation to cases in which solely STM's *regulator* is alleged to be infringing, and not where STM's regulator is incorporated into an *alternator* that is alleged to infringe a third-party's patent. STM further insists that the only source to which one may look in determining whether the Texas Action alleges infringement by *regulator* or *alternator* is the complaint in the Texas Action. The Court does not agree with either contention.

With respect to STM's first point, the Court concludes that Valeo's indemnification

7

language may be reasonably read to include the Texas Action. This is because it is reasonable to view the Texas Action as involving a claim against Valeo "asserted by a third party [GE] regarding the Supply [by STM of voltage regulators] based on the third party's industrial or intellectual property rights [in voltage regulators]." Stated another way, Valeo's ¶ 4 is reasonably subject to the interpretation that the Texas Action "regards[]" the voltage regulator supplied to Valeo by STM. Assuming, arguendo, it is also reasonable to interpret Valeo's language in the manner STM posits – that reference to "the Supply" limits indemnification to cases that are solely about STM's voltage regulators – this would prove only that Valeo's language is amenable to multiple interpretations, rendering the Valeo provision ambiguous.

That the Texas Action may be viewed as dealing with *voltage regulators as incorporated into alternators*, and not just about alternators, is plain from review of the patent claims at issue in the Texas Action. Because the '159 Patent is a voltage regulator patent, the only claims that are alleged to be infringed are voltage regulator claims. (D.I. 41 at 18-19) STM would have the Court ignore the substance of the patent at issue in the Texas Action and limit its analysis of what the Texas Action involves solely to examining the complaint GE filed in the Texas Action. (D.I. 41 at 7 (STM's attorney: "We believe the contract language says you look on its face at what the claim used by the Texas plaintiff said. They said the alternator.")) But there is simply nothing in Valeo's General Terms that directs a court to look to the complaint, and only the complaint, for these purposes. Certainly, Valeo's General Terms do not unambiguously require such a constricted view. This is all the more so because the '159 Patent is attached to the complaint in the Texas Action. Again, there is nothing in Valeo's General Terms that requires this Court to ignore the patent claims in determining what the Texas Action is about.

8

In essence, STM asserts that the parties bargained for indemnification issues to be resolved, in effect, by the simple, low-cost mechanism of leaving it to the third party alleging patent infringement to decide if STM's indemnification obligation is triggered. If the third party writes its complaint to allege that STM's voltage regulator and only STM's voltage regulator is infringing, then STM is required to indemnify. If, however, for any reason, the third party characterizes the infringement as being caused by a product into which STM's voltage regulator was incorporated, STM does not have to indemnify. (D.I. 41 at 7-8) It may be that discovery will confirm STM's assertion. On a motion to dismiss, however, the Court cannot adopt STM's position because it is not the only reasonable interpretation of the contract.

Finally, STM has emphasized that Valeo, in its original complaint, characterized the Texas Action as being about *alternators*, and not about *voltage regulators*. *See, e.g.*, D.I. 1 ¶ 4 ("GE has asserted that certain *alternators* infringe the '159 patent . . . .") (emphasis added). Only in its amended complaint did Valeo modify its allegations about the Texas Action to state that "GE has asserted that certain *voltage regulators used in certain alternators* infringe the '159 patent." (D.I. 12 ¶ 4 (emphasis added)) But it is undisputed that the Court may look to the Texas complaint in reviewing STM's Motion. *See, e.g.*, D.I. 41 at 12 (STM's attorney agreeing that Court "should be just looking at the Texas complaint and not to whatever is alleged here about the Texas complaint"); *see also id.* at 27 (Valeo's attorney agreeing with same proposition). Therefore, in assessing what the Texas Action is about, the Court relies on its review of the complaint in that action (as well as the patent attached to it), not on either party's allegations here about the Texas Action. Valeo's allegations about the Texas Action, and how those allegations

9

changed from the original complaint to the amended complaint, are irrelevant.[2]

## CONCLUSION

Accordingly, for the reasons set forth in this Memorandum Opinion, STM's Motion to

Dismiss is DENIED. An appropriate Order follows.

---

[2]In any event, paragraph 11 of the original complaint (D.I. 1) states: "STM provided [Valeo] with the voltage regulator for the product accused of infringement in the Texas suit *and this voltage regulator was the basis for GE's assertion of infringement*" (emphasis added). While other language in the original complaint certainly appears to characterize the Texas Action as being about alternators, read in full even the original complaint's characterization is consistent with the position Valeo urges in connection with this Motion.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

VALEO SISTEMAS ELECTRICOS S.A. DE C.V., :
                                         :
                  Plaintiff,             :
                                         :
        v.                               :        Civ. No. 06-627-GMS-LPS
                                         :
CIF LICENSING, LLC, D/B/A GE LICENSING,  :
                                         :
              Defendant,                 :
                                         :
        v.                               :
                                         :
STMICROELECTRONICS, INC.,                :
                                         :
              Cross-Claim Defendant.     :

---

## ORDER

At Wilmington this 11th day of July, 2008, consistent with the Memorandum

Opinion issued this same date, IT IS HEREBY ORDERED that Cross-Claim Defendant's motion

to dismiss (D.I. 18) is DENIED.


                                    Leonard P. Stark
                                    United States Magistrate Judge