IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALEO SISTEMAS ELECTRICOS S.A. DE C.V. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CIF LICENSING, LLC, D/B/A GE LICENSING )<br>)<br>Defendant, )<br>)<br>v. )<br>)<br>STMICROELECTRONICS, INC. )<br>)<br>Cross-Claim Defendant. ) | Civil Action No. 06-627-GMS-LPS |

**STMICROELECTRONICS, INC.'S**
**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 12(a), Cross-Claim Defendant STMicroelectronics, Inc. ("STM") answers the separately numbered paragraphs of the First Amended Complaint of Valeo Sistemas Electricos S.A. DE C.V. ("Valeo") and further alleges as follows:

<u>Declaratory Judgment Complaint Against GE Licensing</u>

1-7.   No response required.

<u>Cross-Claim Against STMicroelectronics, Inc.</u>

8.   STM admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. STM otherwise denies the allegations of Paragraph 8.

9.   STM denies that Paragraph 1 contains any information about Valeo. To the extent Paragraph 9 was intended to reference Paragraph 2, not Paragraph 1, STM lacks sufficient

knowledge or information to determine the truth of the allegations of Paragraph 2. STM otherwise denies the allegations of Paragraph 9.

10. Admitted.

11. STM admits that it sold U719 semiconductor die to Valeo. STM otherwise denies the allegations of Paragraph 11.

12. Denied.

13. STM admits that it was made aware of a dispute between Valeo and GE Licensing, LLC ("GE Licensing") concerning Valeo's alternators before GE Licensing filed its action against Valeo in the United States District Court for the Eastern District of Texas. STM further admits that it did not defend the action in the Eastern District of Texas, nor has it indemnified Valeo. STM otherwise denies the allegations of Paragraph 13.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

14. Valeo's cross-claim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE: INDEMNITY PROVISIONS

15. The indemnity provisions governing the parties' indemnity rights negate Valeo's purported grounds for indemnification or defense.

### THIRD AFFIRMATIVE DEFENSE: NO INDEMNITY

16. The U719 semiconductor die, as sold to Valeo, does not trigger STM's duties to defend or indemnify.

### FOURTH DEFENSE: FAILURE TO SATISFY CONDITION PRECEDENT

17. Valeo failed to provide STM with sufficient notice of GE Licensing's infringement claim, and thus failed to satisfy a condition precedent to obtaining indemnification or defense costs under the parties' sales contract.

### FIFTH DEFENSE: UNCLEAN HANDS

18. Valeo's cross-claim is barred by the doctrine of unclean hands, due to Valeo's conduct, actions, omissions and/or communications.

### SIXTH DEFENSE: WAIVER

19. Valeo's cross-claim is barred by the doctrine of waiver, due to Valeo's conduct, actions, omissions and/or communications.

### SEVENTH DEFENSE: ESTOPPEL

20. Valeo's cross-claim is barred by the doctrine of estoppel, due to Valeo's conduct, actions, omissions and/or communications.

### EIGHTH DEFENSE: DAMAGES CAP

21. STM's potential liability to Valeo is limited to the greater of $10,000 or the purchase price specified in the sales contract for the STM products accused of causing Valeo's losses.

### COUNTERCLAIM

### GENERAL ALLEGATIONS

22. STM is a Delaware corporation with a place of business in Carrollton, Texas. Upon information and belief, Valeo is a Mexican corporation with a principal place of business in San Luis Potosi, Mexico. This Court has subject matter jurisdiction over the dispute under 28 U.S.C. § 1332.

23. Venue is appropriate under 28 U.S.C. § 1391.

## COUNT I
### (Breach of Contract)

24. STM realleges Paragraphs 1-23 of its Answer.

25. In 1996, affiliates of the parties entered into a Development and Supply Contract. The Contract requires, among other things, that STM co-develop and manufacture the U719 semiconductor die in accordance Valeo's specifications. STM has no duty to indemnify Valeo for products manufactured to Valeo's designs or specifications. The U719 semiconductor die is developed and manufactured, at least in part, in accordance with Valeo's designs and specifications. STM therefore has no indemnity obligation for the U719 semiconductor die.

26. STM also has no duty to indemnify Valeo for claims against a combination of items that includes both the U719 semiconductor die and items not manufactured exclusively to STM's specifications. GE Licensing's infringement claim, for which Valeo seeks indemnification, was asserted against a combination of items created by Valeo. STM therefore has no indemnity obligation with respect to GE Licensing's claim.

27. The parties' sales contract contains a forum selection clause that identifies the courts of Texas as the appropriate forum for resolving disputes arising from the contract.

28. Valeo filed the present action notwithstanding the circumstances described in Paragraphs 25-27, and thereby breached its express and/or implied duties under the parties' sales contract.

WHEREFORE, STM respectfully requests that the Court enter judgment:

A.  Denying Valeo the relief requested by the cross-claim;

B.  Awarding STM its costs and expenses of defending this suit;

C.  Awarding reasonable attorneys' fees to STM; and

D.  Awarding STM such other and further relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*apoff@ycst.com*

Dated: July 25, 2008

*Attorneys for Defendant STMicroelectronics, Inc.*